### FLORENCE O'BRIEN
#### vs.
### CITY OF NEW HAVEN

| Superior Court | New Haven County | File #46317 |
|---|---|---|

Present: Hon. ALLYN L. BROWN, Judge.

| Nelson Harris, | Attorney for the Plaintiff. |
|---|---|
| McCoy & Dooley, | Attorneys for the Defendant. |

## MEMORANDUM FILED JUNE 28, 1935.

This is an action for damages for personal injuries sustained by the plaintiff by a fall on an alleged defective sidewalk on Dwight Street in New Haven at about 6 P.M. on November 28, 1933. The defect complained of was at a point where a cement or concrete sidewalk to the north, terminated at its junction with a flagstone sidewalk to the south. Both of these sidewalks were in good condition, but the surface of the former was slightly above that of the latter, and where they joined, originally the concrete had apparently been troweled over the surface of the northerly edge of the abutting flagstone, making a lip or brow extending across the entire sidewalk, a few inches in width and an inch or less in thickness at its northerly edge, tapering down to nothing at its southerly edge. Sometime prior to 1931 this lip or brow had cracked off across the westerly half of the sidewalk, leaving an almost perpendicular edge of concrete projecting above the surface of the flagstone, one inch at its west end, and three-quarters of an inch at its east end, at the center of the sidewalk. It was over this edge at about its middle point, where it was three-quarters of an inch high, that the plaintiff tripped and fell.

It was dusk at the time, but street and other lights were lighted in the vicinity. The plaintiff is a woman about five feet seven inches tall, and weighs two hundred and thirty pounds. In the view which I take of the case it is not necessary to determine whether or not she was contributorily negligent.

It is my conclusion that the defendant City in permitting this defect to exist as it did, though for apparently long enough time to charge it with constructive notice thereof, did not fail to discharge the duty which the statute imposes upon it, of maintaining this sidewalk in a condition reasonably safe for public travel. The burden rests upon the plaintiff to prove a breach of this duty in order to recover. Having in mind all of the circumstances in evidence, including among others, the nature of the defect itself, its location upon a walk in a residence as distinguished from a central business

district and the fact that the defendant City has three hundred and twenty-five miles of sidewalks within its limits, I conclude that the plaintiff has failed to sustain this burden of proof. Regrettable as this accident was for the plaintiff with its attendant injuries, it is fortunate that these were not of a permanent or serious nature.

Judgment may be entered for the defendant, and that it recover its costs.